IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROOSEVELT CAYMAN ASSET COMPANY II,<br><br>Plaintiff<br><br>v.<br><br>ALEX JAVIER LÓPEZ-VÁZQUEZ a/k/a ALEX J. LÓPEZ-VÁZQUEZ, his wife MADELINE GÓNZALEZ-VÁZQUEZ and the CONJUGAL PARTNERSHIP BETWEEN THEM | Civil No. 16-1018 (PAD) |

**REPORT AND RECOMMENDATION**

This is a foreclosure action. Judgment was issued and the property object of the litigation was sold by public auction to Roosevelt REO PR II Corp. ("REO-II") (successor in interest to Roosevelt Cayman Asset Company II ("RCAC-II")), which in turn sold it to non-party Fortaleza Equity Partners I, LLC ("Fortaleza"). Before the Court is a motion for eviction by Fortaleza. Docket No. 86. The District Judge referred the matter to the undersigned for a Report and Recommendation. Docket No. 93. For the reasons discussed below, the undersigned recommends that the motion for eviction at Docket No. 86 be **GRANTED**.

**I.   BACKGROUND**

The Complaint was filed on January 5, 2016. Docket No. 2. The original Plaintiff was RCAC-II. Docket No. 2 at ¶ 2. Defendants are Alex Javier López-Vázquez, Madeline González-Vázquez and their conjugal partnership. Id. at ¶ 1. Pursuant to the Complaint, Defendants' residential and mailing address was E2 5 St. Palmeras en Est. del Bosque, Cidra, PR 00739; Est. del Bosque, 394 Nogal Street, Cidra, PR 00739. Id. at ¶ 4. As alleged, RCAC-II was the owner and holder of a mortgage note over a property in the Urbanización Estancias del Bosque in Cidra (the "Property") and Defendants defaulted on their loan payment obligations. Id. at ¶¶ 10-15. Defendant González-Vázquez and the conjugal partnership were served with summons on January 27, 2016. Docket No. 6. Defendant González-Vázquez appeared represented by counsel and answered the Complaint. Docket No. 18.

**Roosevelt Cayman Asset Company II. v. López-Vázquez, et al.**
**Civil No. 16-1018 (PAD)**

RCAC-II moved for summary judgment. Docket No. 38. On August 27, 2018, RCAC-II and Defendants submitted a Stipulation for Judgment by Consent. Docket No. 46. The parties agreed to a consent judgment for RCAC-II to complete foreclosure proceedings. Docket No. 46 at ¶ 6(e). In exchange, RCAC-II agreed to proceed only against the Property without pursuing the collection of outstanding balances against Defendants and released Defendants from all such obligations. Id. at ¶ 6(f). Defendants stipulated a general release (including of all state or federal claims, demands or causes of action, arising from the loan, Property or any of the same facts as were alleged in the litigation) of RCAC-II and its successors. Id. at ¶ 6(i). **The stipulation included Defendant González-Vázquez's address for future notifications as Estancias del Bosque Palmera, 394 Calle Nogales, Cidra, PR 00729**. Id. at ¶ 7. The stipulation was signed by counsel for RCAC-II and Defendants, including counsel for Defendant González-Vázquez. Id. Judgment followed on October 2, 2018. Docket No. 48. Counsel for the Defendants then moved to withdraw from legal representation, informing the Court that Defendants' last known address was Estancias del Bosque Palmeras 394, Cidra, PR 00739. Docket No. 49.

RCAC-II moved for the execution of judgment by way of a judicial sale of the Property and the appointment of a special master. Docket Nos. 51-52. Both filings were notified to Defendant González-Vázquez at the address in the stipulation. Id. The Court issued an Order of Execution of Judgment and corresponding Writ of Execution. Dockets Nos. 53-54. According to the Court's CM/ECF system, both were notified to Alex Javier López-Vázquez at Urbanización La Plata, Calle Alejandrina E-12, Cayey, PR 00736. The CM/ECF system does not show a separate notification to Defendant González-Vázquez. RCAC-II assigned the promissory note to REO-II, and, on January 25, 2019, RCAC-II filed a motion for substitution of party. Docket No. 55; see Docket No. 55-1 (Note Allonge).

The case was stayed due to the bankruptcy petition filed by Defendant González-Vázquez. See Docket Nos. 56-1. Once the bankruptcy petition was dismissed, the Court lifted the stay and granted the substitution of RCAC-II for REO-II. Docket Nos. 62-63. REO-II moved for the confirmation of the judicial sale. Docket No. 66. That motion was also notified to Defendant González-Vázquez at the address included in the stipulation. Docket No. 66. The notice of judicial sale was published in the newspaper *El Vocero* on four different dates (Docket No. 66-2) and published in six public spaces (Docket No. 66-3). The notice of sale was notified by certified mail to Defendant González-Vázquez at the address included in the stipulation. Docket No. 66-4.

The certified mail to Defendant González-Vázquez was returned as unclaimed. See Docket No. 86-2. According to the CM/ECF system, however, a notification of the filing of REO-II's motion for confirmation of the judicial sale was sent by regular mail to Defendant González-Vázquez at the address informed by counsel at Docket No. 49. The judicial sale was confirmed on October 16, 2019. Docket No. 67. Copy of that order was also sent to Defendant González-Vázquez at the address provided by counsel at Docket No. 49.

REO-II moved for Defendant's eviction from the Property, which was granted on November 12, 2019. Docket Nos. 68-70. According to CM/ECF, notification of the eviction was sent to Defendant González-Vázquez at the address provided by counsel. However, on February 10, 2020, Defendant González-Vázquez filed an urgent motion informing the Court that she never received notification of the foreclosure proceedings and that the notifications of the case were sent to an incorrect address. Defendant González-Vázquez informed that her correct address is **Urb. Estancias del Bosque 394 Calle Nogales, Cidra PR 00739**. Docket No. 76. Defendant González-Vázquez requested that the Judgment be vacated. Id. The motion was denied without prejudice pending appearance of pro bono counsel, but the writ of eviction was stayed pending a ruling on Defendant González-Vázquez's request for relief from Judgment. Defendant González-Vázquez was to renew the request through counsel. Docket No. 78. Defendant González-Vázquez has not yet renewed her request to set aside the Judgment.

The case was dormant until April 4, 2022, when Fortaleza moved the Court for an order of eviction and appointment of special master. Docket No. 86. Fortaleza informed the Court that, on January 25, 2022, it acquired the Property from REO-II, that Defendant González-Vázquez was notified of the Judgment and the foreclosure proceedings, and that she continues in possession of the Property. Defendant González-Vázquez opposed. Docket No. 89. Fortaleza, jointly with REO-II, replied. Docket No. 91. Defendant González-Vázquez sur-replied. Docket No. 92. The Court addresses whether Fortaleza, an entity that is not a party to the case, can seek eviction in this litigation. The Court then discusses Defendant González-Vázquez's arguments in opposition to the request for eviction and for the annulment of the judicial sale of the Property.

## II. DISCUSSION

### 1. Fortaleza's Standing to Move for Eviction

RCAC-II was the holder of the mortgage note when Judgment was issued. RCAC-II moved for execution proceedings but assigned the note to REO-II prior to the judicial sale of the

Property. The judicial sale of the Property occurred on October 15, 2019. Fortaleza acquired the Property from REO-II on January 25, 2022. After acquiring the Property from REO-II, Fortaleza moved the Court to evict Defendant González-Vázquez. Docket No. 86. Defendant González-Vázquez challenges Fortaleza's standing to request the eviction. REO-II joined and adopted the arguments made by Fortaleza in its motion for eviction. Docket No. 91. Fortaleza requested that the Court consider its motion for eviction as a request to intervene under Rule 24 of the Federal Rules of Civil Procedure. Docket No. 91 at ¶ 8. Because Fortaleza's request to intervene is based on a transfer of REO-II's interest in the Property, it is more properly considered a motion to substitute pursuant to Rule 25(c).

Rule 25(c) of the Federal Rules of Civil Procedure provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed.R.Civ.P. 25(c). Rule 25(c) applies to ordinary transfers and assignments of rights after the filing of suit. 7C Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1958. It also applies to a broad range of transfers of interest, including transfers of real property subject of the suit. Nazario-Lugo v. Caribevision Holdings, Inc., 2013 WL 607898 *1 (D.P.R.) (citations omitted). See also 6 Moore's Federal Practice at § 25.31 (citing Blachy v. Butcher, 190 F.R.D. 428 (W.D.Mi. 1999); ELCA Enterprises, Inc. v. Sisco Equipment Rental & Sales, Inc., 53 F.3d 186, 190-191 (8th Cir. 1995); Burka v. Aetna Life Insurance Company, 87 F.3d 478 (D.C.Cir. 1996)). The rule's most significant feature is that, if a transfer of rights takes place after the commencement of a suit, the action can continue and bind the successor in interest even if not joined in the action. 7C Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1958. The decision to order substitution rests entirely within the discretion of the court. Id.; 6 Moore's Federal Practice at § 25.34. As such, the rule does not require that the court or the parties take any action after an interest has been transferred; the suit may continue with the original parties. 6 Moore's Federal Practice at § 25.34. In the absence of a motion to substitute, the case will continue without a change in the parties. Id.

Pursuant to the stipulation signed by Defendants at Docket No. 46, the only live interest in this case is the interest in the foreclosure proceedings of the Property (RCAC-II expressly released Defendants from the collection of outstanding balances). REO-II transferred the only interest in this case (the Property) to Fortaleza. See Rodríguez-Miranda v. Benin, 829 F.3d 29, 41

(1st Cir. 2016) (transfer of interests under Rule 25(c) can occur after judgment and in subsequent proceedings to enforce judgment). Under Rule 25(c) of the Federal Rules of Civil Procedure the Court has discretion to reinstate the order of eviction which was granted in favor of REO-II at Docket No. 69, which would benefit Fortaleza (without effectuating the substitution), or to substitute REO-II with Fortaleza as plaintiff and grant Fortaleza's request for eviction at Docket No. 86.[1] See FDIC v. SLE, Inc., 722 F.3d 254, 269-270 (5th Cir. 2013) (transferee has standing to move for post judgment relief without moving for substitution under Rule 25(c) first).

### 2. Fortaleza's and REO-II's Request for Eviction

In opposition to Fortaleza's and REO-II's request for eviction, Defendant González-Vázquez argues that the judicial sale by which REO-II acquired the Property is null and void because REO-II failed to comply with the notification requirements of Rule 51.7 of the Puerto Rico Rules of Civil Procedure.[2] Fortaleza and REO-II counter that, because this was a judicial sale, the notification requirements are found in 28 U.S.C. § 2002, not in Rule 51.7 of the Puerto Rico Rules of Civil Procedure, and that REO-II provided evidence of having complied with all notification requirements of the federal statute. Fortaleza and REO-II further argue that Defendant González-Vázquez was notified of the foreclosure proceedings and the judicial sale at the address provided in the stipulation and that, in any event, Defendant González-Vázquez expressly agreed to release successors of RCAC-II from claims related to the foreclosure of the Property.

Pursuant to Rule 69(a)(1) of the Federal Rules of Civil Procedure a "money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must

---

[1] The law is clear that for federal jurisdiction purposes, diversity of citizenship must be established as of the time of the filing of the suit. Delgado Caraballo v. Hosp. Pavia Hato Rey, Inc., 2020 WL 12048980 *3 (D.P.R. Aug. 12, 2020) (citing Valentín v. Hosp. Bella Vista, 254 F.3d 358, 361 (1st Cir. 2001); Rivera v. Hosp. Interamericano de Medicina Avanzada, 125 F.Supp.2d 11, 16 (D.P.R. 2000)). Jurisdiction is not divested by subsequent events; particularly due to the transfer of interests after the commencement of litigation to a party that had no interest in the action until after the suit was commenced. Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426 at 428 (1991) (transfer of rights to a nondiverse party after the entry of judgment does not divest the Court of jurisdiction).

[2] Defendant González-Vázquez also argues that the Court should abstain from adjudicating the motion for eviction until it has had an opportunity to address her argument that the judicial sale is null and void. However, Defendant González-Vázquez has not renewed the motion at Docket No. 76 and the basis for such a request for nullity is the same as the basis to oppose the eviction.

Case 3:16-cv-01018-PAD   Document 94   Filed 11/07/22   Page 6 of 9

Roosevelt Cayman Asset Company II. v. López-Vázquez, et al.
Civil No. 16-1018 (PAD)

accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed.R.Civ.P. 69(a)(1). Rule 69(a) intends for execution procedures in federal court to proceed in accord with state practices and procedures governing the enforcement of judgments. 13 Moore's Federal Practice, Civil § 69.03. There is thus no dispute that the law of Puerto Rico governs the procedure for the execution of money judgments issued by this District Court. Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 396 n. 15-16 (D.P.R. 1981); Whitfield v. Municipality of Fajardo, 564 F.3d 40, 43 (1st Cir. 2009); United States v. Branch Coal Corp., 390 F.2d 7, 8 (3d Cir. 1968) (Rule 69(a) has been interpreted as precluding the application of federal procedures to execution sales). According to Rule 51.7 of the Puerto Rico Rules of Civil Procedure a notice of sale must be published in three (3) public places of the municipality in which the sale is set to occur for a span of two (2) weeks; and twice in a span of two (2) consecutive weeks (one per week) in a newspaper of general circulation, and must also be notified to the debtor by certified mail with return receipt within five (5) days of the first publication by newspaper. 32 P.R. Laws Ann. Ap. V, R. 51.7(a).

But execution sales are different from judicial sales. Judicial sales are conducted pursuant to the direction of the court and federal statutes, while execution sales occur at the direction of the judgment creditor without court intervention. United States v. Branch Coal Corp., 390 F.2d at 9; 12 Wright, Miller & Marcus, Federal Practice and Procedure at § 3012. Execution sales are a means to satisfy a money judgment, are conducted by an officer who gets his authority by virtue of an execution, and the officer's authority rests in the law and on the writ. 30 Am. Jur. 2d Executions at § 308. Execution sales do not require confirmation by the court. Id. at § 348; 11 Fed.Proc. L. Ed. § 31:57. Judicial sales dispose of specifically described property, are conducted by a person appointed by the court (to serve as an agent of the court) and require confirmation by the court for validity. 11 Fed.Proc. L. Ed. § 31:57.

While Rule 69(a)(1) of the Federal Rules of Civil Procedure applies to execution sales, 28 U.S.C. §§ 2001-2002 apply to judicial sales.[3] 12 Wright, Miller & Marcus, Federal Practice

---

[3] "Any realty or interest therein sold under any order or decree of any court of the United States shall be sold as a whole or in separate parcels at public sale at the courthouse of the county, parish, or city in which the greater part of the property is located, or upon the premises or some parcel thereof located therein, as the court directs. Such sale shall be upon such terms and conditions as the court directs." 28 U.S.C. § 2001.

and Procedure at § 3012; United States v. Wiegman, 111 F.3d 74, 77 (8th Cir. 1997) (judicial sales are not governed by Rule 69(a)). Therefore, while personal notice to a debtor of an intended sale at execution of a property depends on the requirements of state law, unless the court imposes additional notification requirements, the only notification requirements for judicial sales are those in 28 U.S.C. § 2002. See 12 Wright, Miller & Marcus, Federal Practice and Procedure at § 3012; 30 Am. Jur. 2d Executions § 308; see also United States v. Muñiz-Natal, 2010 WL 607748 *2 (D.P.R.); United States v. Brouri, 2019 WL 12275953 * 4 (S.D.FL. 2019) (courts have discretion to adopt state law requirements that do not conflict with federal law in judicial foreclosure proceedings); United States v. Branch Coal Corp., 390 F.2d at 9. Section 2002 provides that "a public sale of realty or interest therein under any order, judgment or decree of any court of the United States shall not be made without notice published once a week for at least four weeks prior to the sale in at least one newspaper regularly issued and of general circulation in the county, state, or judicial district of the United States wherein the realty is situated." 28 U.S.C. § 2002.

There is hardly any question that the sale of the Property at issue was a judicial sale. See Docket Nos. 51-53. This was expressly indicated by the Court in the order of execution of Judgment, which also indicated that the sale would be conducted by the special master and was subject to the confirmation of the Court. See also Travelers Ins. Co. v. Lawrence, 509 F.2d 83, 89 (9th Cir. 1974) (rules governing judicial sales apply to mortgage foreclosure sales). Pursuant to the evidence submitted by REO-II at Docket No. 66-2, the notice of sale complied with the notification requirements of Section 2002: it was published in the newspaper *El Vocero* on September 6, 13, 20 and 27, 2019. Docket No. 66-2. The more difficult question is whether REO-II was required to comply with additional notification requirements not expressly included in Section 2002.

No additional requirements were included by the Court in the order of execution of judgment at Docket No. 53. However, the Court agrees with Defendant González-Vázquez that it appears that REO-II may have intended to comply with additional notification requirements not found in Section 2002. For instance, in the motion requesting confirmation of judicial sale, REO-II certified that the notice of judicial sale was published in six public spaces (Docket No. 66-3) and that the notice of sale was notified by certified mail to Defendant González-Vázquez (Docket No. 66-4). Furthermore, in the order of confirmation of judicial sale, the Court

considered the evidence of notification of the judicial sale by certified mail to the Defendants and junior liens. Docket No. 67. As such, REO-II may have arguably assumed additional notification requirements not included in Section 2002 or in the Court's order of execution at Docket No. 53.

But REO-II did notify Defendant González-Vázquez by certified mail of the judicial sale to the address provided by her in the stipulation at Docket No. 46. See Docket No. 46 at ¶ 7; Docket No. 66-4.[4] Furthermore, Defendant González-Vázquez was served with process in the case, appeared represented by counsel, answered the complaint, and agreed to a stipulated judgment. Defendant González-Vázquez stipulated to "the entry of Judgment by Consent, allowing RCAC-II to complete the foreclosure proceeding in the present case." Docket No. 46 at ¶ 6 (e). Defendant González-Vázquez also stipulated to release RCAC-II and its successors of "any and all state or federal claims, demands, or causes of action asserted, existing or claimed against either or all of them arising from the Loan, the Subject Property or any of the same facts as were alleged in the Litigation, which may exist from the beginning of time to the date of this Agreement." Docket No. 46 at ¶ 6(i). The Judgment issued by the Court adopted and incorporated the terms and agreements made by stipulation. Docket No. 48. A party should be able to rely on the representations made by another in a stipulation, especially when that party has been represented by counsel through negotiations. To hold otherwise would place an undue burden on a contracting party and on foreclosure proceedings.[5] Also, a review of the docket reveals that the notification of the filing of REO-II's motion for confirmation of the judicial sale, the Court's order confirming the judicial sale, REO-II's original motion for eviction and the Court's order of eviction and corresponding writ at Docket Nos. 69-70 were all notified to

---

[4]   The zip code included by Defendants in the stipulation was 00729 not 00739.

[5]   The Court is aware of the Puerto Rico Supreme Court's interpretation of the notification requirements for judicial sales under Puerto Rico law, which requires judgment creditors to make reasonable efforts to notify the debtor at the correct address. See R&G Mortgage Corporation v. Sustache Rivera, 163 D.P.R. 491, 504 (2004). The notification to the debtor by certified mail must be reasonably calculated to give adequate notification. Id. If a debtor has previously appeared in litigation, the creditor must send notification of the sale to the address of record. Id. at 498-499. In this case, the address was the one provided by Defendants in the stipulation. Relying on a debtor's representations to the parties and the Court by stipulation meets the "reasonably calculated" threshold. Compare with Anastacia Corp. v. Saldaña, Inc., 133 D.P.R. 284, 306 (1993) (creditor failed to notify debtor through attorneys of record of the public sale).

**Roosevelt Cayman Asset Company II. v. López-Vázquez, et al.**
**Civil No. 16-1018 (PAD)**

Defendant González-Vázquez at the address provided by her counsel at Docket No. 49. It is thus reasonable to conclude that Defendant González-Vázquez did have prior notification of the foreclosure proceedings and the impending eviction from the Property.

### III.  CONCLUSION

For the reasons discussed above, the undersigned recommends that Fortaleza's and REO-II's motion for eviction and appointment of special master at Docket No. 86 be **GRANTED**.

This Report and Recommendation is issued pursuant to 28 U.S.C. §636(b)(1) and Rule 72(d) of the Local Rules of this District Court. Pursuant to Local Rule 72(d), the parties have fourteen (14) days to file any objections to this Report and Recommendation. Failure to file timely and specific objections constitutes a waiver of the right to review by the District Court and claims not preserved by objections are precluded on appeal. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Secretary of Health and Human Services, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico, this 7th day of November 2022.

        s/Giselle López-Soler
        GISELLE LÓPEZ-SOLER
        United States Magistrate Judge